FILED 12 JUN 24 15:47USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DONALD K. JOHNSTON,                                CV. 09-1096-MO

        Petitioner,

    v.                                             OPINION AND ORDER

JEFFREY THOMAS, Warden,

        Respondent.


        STEPHEN R. SADY
        Office of the Federal Public Defender
        101 SW main Street, Suite 1700
        Portland, OR   97204

            Attorney for Petitioner

        DWIGHT C. HOLTON
        United States Attorney
        RONALD K. SILVER
        Assistant United States Attorney
        1000 SW Third Avenue, Suite 600
        Portland, OR   97204-2902

            Attorneys for Respondent


1 - OPINION AND ORDER

Mosman, District Judge.

Petitioner, an inmate at Federal Prison Camp, Sheridan, Oregon ("FPC Sheridan") at the time of filing, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  He alleges the Bureau of Prisons ("BOP") arbitrarily and unjustly denied him eligibility and entry into its Residential Drug Abuse Program ("RDAP").  Petitioner seeks immediate eligibility to RDAP, and credit for early release as provided by 18 U.S.C. § 3621. (#1 at 26.)  Because this Court lacks jurisdiction to review BOP's individualized RDAP determinations, the Petition for Writ of Habeas Corpus (#1) is DISMISSED.

**BACKGROUND**

I.    Factual Background.

Pursuant to a written plea agreement, Petitioner entered a guilty plea to one count of Conspiracy in Relation to Marijuana Trafficking in violation of 21 U.S.C. §§ 846 and 841(a)(1).  The U.S. District Court for the District of Alaska accepted Petitioner's plea and the Honorable Timothy G. Burgess sentenced Petitioner to 24 months imprisonment and three years supervised release, with the following recommendation to the BOP: "Court **VERY STRONGLY** recommends that the defendant participate in the 500 hour drug and alcohol program.  Court *recommends* that the defendant serve his time at the Facility located in Sheridan, Oregon."  (#1, Ex. 1 at 2, emphasis as in original.)  The judgment also included

2 - OPINION AND ORDER

Special Conditions of Supervision specifying:  "In addition to submitting to drug testing . . . the defendant shall participate in either or both inpatient or outpatient treatment programs approved by the U.S. Probation Office for substance abuse treatment, which programs shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol."  (*Id.,* Ex. 1 at 4.)

Petitioner arrived at FPC Sheridan in September 2008, and was interviewed for RDAP eligibility.  (#26, Ex. 3.)  On September 17, 2008, Petitioner received notice he did not meet RDAP admissions criteria; a substance abuse or dependence diagnosis could not be rendered "[d]ue to the discrepancy between information in the inmate's PSI and Eligibility Interview[.]"  (#26, Ex. 6.)  In an Administrative Note dated September 17, 2008, Dr. Solomon (the Drug Abuse Program Coordinator) specified, "Due to the marked discrepancy between the inmate's self-reported drug history during the RDAP Eligibility Interview and his PSI, his credibility was tarnished, and as such, this author was unable to render a current substance abuse or dependence diagnosis.  Therefore, he was deemed RDAP unqualified."  (#26, Ex. 5.)

In response to being denied admission to RDAP, Petitioner told Dr. Solomon the Presentence Report's ("PSR") author may have misunderstood his representations regarding drug use.  Dr. Solomon then contacted the PSR's author to verify the information regarding Petitioner's drug use.  (#26, at 4.)  In an Administrative Note dated September 23, 2008, Dr. Solomon wrote:

3 - OPINION AND ORDER

This author informed [Petitioner] today that he had contacted the author of his PSI in an attempt to obtain information regarding his drug history that might result in his qualifying for RDAP. In talking with the author, she was adamant in stating that [Petitioner] was very adamant at the time in saying he was providing a truthful report of his drug history. Thus, there was no additional information that would cause this author to reconsider [Petitioner's] eligibility for RDAP and he will remain DAP Unqualified. He was apprised [sic] of this conversation with his PSI writer. Perhaps 30 minutes later, he returned and asked if he could be involved in any other form of drug treatment. This author described Non-Residential treatment and [Petitioner] expressed an interest in enrolling. This information was forwarded to the Non-Residential treatment provider so that he may place [Petitioner] in the next available Non-Res. tx. group.

(#26, Ex. 7.)   Based on Petitioner's self-report of drug use, his December 2008 Treatment Plan for non-residential treatment ("NR-DAP") included the diagnoses "Sedative, Hypnotic, or Anxiolytic Dependence" and "Opioid Dependence."   (#1, Ex. 2.)   Petitioner completed the NR-DAP on March 30, 2009.   (*Id.*)

While participating in NR-DAP, Petitioner pursued two of the three levels of administrative remedy available to challenge the BOP's decision to deny him admission to RDAP.   (#26.)   He was denied relief at the first level by the Warden because his PSR did not support the information he provided in his Eligibility Interview, which suggested a diagnosis of sedative and opioid dependence.   (*Id.*, Ex. 8 at 2.)   Petitioner was denied relief at the second level with the Regional Director noting:

Program Statement (PS) 5330.10, Drug Abuse Programs Manual, Inmate, CN-03 dated October 9, 1997, states, "Drug abuse program staff shall determine if the inmate has a substance abuse disorder by first conducting the

Residential Drug Abuse Program Eligibility Interview followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information." The staff at FCI Sheridan determined there was no information in the Central File which would corroborate your self-report. The staff then went one step further and contacted the Parole Officer who had completed your Pre-sentence Investigation Report. She stated that you had been very adamant in stating that you had provided her a truthful report of your drug history.

(*Id.* at 4.) The Regional Director also noted, after outlining the diagnostic criteria used in the eligibility interview process, "[t]he DAPC subsequently found an active substance abuse diagnosis un-warranted. Thus, you were determined to be unqualified for the Residential Drug Abuse Treatment Program." (*Id.*)

Petitioner was furlough transferred to a Residential Reentry Center ("RCC") on January 5, 2010. He was scheduled to be released May 31, 2010. (#26, at 2.)

II. Statutory Background.

Congress vested broad authority in the BOP to manage federal correctional institutions. 18 U.S.C. § 4042(a). In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for *each prisoner the Bureau determines* has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b) (emphasis added). In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for "eligible prisoners." The statute defines "eligible prisoner" as

one who is, "(i) *determined by the Bureau of Prisons* to have a substance abuse problem, and (ii) willing to participate in a residential substance abuse treatment program[.]"   18 U.S.C. § 3621(e)(5)(B) (emphasis added).

In § 3625, entitled Inapplicability of the Administrative Procedure Act ("APA"), Congress specified that §§ 554 and 555 and §§ 701-706 of the APA "do not apply to the making of any determination, decision, or order under this subchapter."[1]   The phrase "this subchapter" refers to Subchapter C – Imprisonment, which includes §§ 3621-3625.

## DISCUSSION

In this habeas action, Petitioner seeks immediate admission to RDAP, credit for early release under § 3621(e) and Program Statement P5330.10, and that the court "direct Respondent, his DTS, and DTC to cease and desist from their continued efforts to implement 'additional restrictions' and/or evade the unambiguous language and eligibility criteria provided for in P.S.5330.10." (#1, at 26.)   He argues "his denial of eligibility to RDAP is capricious, arbitrary, contrary to BOP policy, and diametrically opposed to legislative intent."   (#1, at 3.)   He alleges Dr. Solomon's actions are "contrary to P.S. 5330.10, the mandate of Congress, the DSM-IV, and general common sense."   (*Id.* at 11.) Petitioner's claim challenges the BOP's actions under the APA.

---

[1]Under the APA, § 554 governs Adjudications; § 555 governs Ancillary Matters; §§ 701-706 govern Judicial Review.

Respondent argues that pursuant to 18 U.S.C. § 3625 this Court lacks jurisdiction to review the BOP's individual determinations related to RDAP. (#15.) Respondent also argues the case is moot because the Court cannot grant Petitioner the relief he requests; the BOP's decision denying Petitioner admission to RDAP was reasonable; and the case should be dismissed because Petitioner completed only two of three levels of administrative remedies. (#25, at 3-6.)

As a threshold matter, the Court must determine whether it has jurisdiction to consider Petitioner's claim that the BOP arbitrarily and capriciously denied him admission to RDAP. See Wallace v. Christiansen, 802 F.2d 1539, 1542 (9th Cir. 1986) (jurisdiction must be addressed and answered before the merits may be reached).

I.    The APA and Judicial Review

"The APA confers a general cause of action upon persons 'adversely affected or aggrieved by action within the meaning of the relevant statute,' but withdraws that cause of action to the extent the relevant statute 'preclude[s] judicial review." Block v. Community Nutrition Institute et. al., 467 U.S. 340, 345 (1984) (internal citations omitted); 5 U.S.C. §§ 701 and 702.[2]  "Whether

_____

[2]Section 701. Application; definitions
(a) This chapter applies . . . except to the extent
that-(1)  statutes preclude judicial review; or
      (2)  agency action is committed to agency
           discretion by law.
* * *

and to what extent a particular statute precludes judicial review
is determined not only from its express language, but also from the
structure of the statutory scheme, its objectives, its legislative
history, and the nature of the administrative action involved."
Id.

In Heckler v. Chaney, 470 U.S. 821, 828 (1985), the Supreme
Court stated that before judicial review occurs, "a party must
first clear the hurdle of § 701(a)." The Court explained that
"[§ 701(a)] requires construction of the substantive statute
involved to determine whether Congress intended to preclude
judicial review of certain decision" and "applies when Congress has
expressed an intent to preclude judicial review." Id. at 828, 830.
Section 701(b) applies where "Congress has not affirmatively
precluded review but that the statute is drawn so that a court
would have no meaningful standard against which to judge the
agency's exercise of discretion." Wallace, 802 F.2d at 1543 n.2.

II.  Analysis

In filing the instant petition, Petitioner asserts he was
adversely affected or aggrieved by BOP action, and seeks this
Court's review of the BOP's determination that he was ineligible

---

Section 702.  Right of review
     A person suffering legal wrong because of
     agency action, or adversely affected or
     aggrieved by agency action within the meaning
     of a relevant statute, is entitled to
     judicial review thereof.
* * *

for RDAP.  He argues § 3625 does not preclude the Court's judicial review and contends "the BOP acted arbitrarily when it exceeded its discretionary authority by failing to accept the sentencing court's findings, the information in the presentence report that [Petitioner] used sedatives and opiates, the letters from his family attesting to drug abuse, and his willingness to participate as sufficient evidence to corroborate the diagnosis."  (#19, at 20.)  The Court finds Petitioner's arguments unavailing.

In § 3625, Congress specified: "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, [the APA] do not apply to the making of any determination, decision, or order under this subchapter."  This subchapter - Subchapter C - includes §§ 3621-3625.  The Court finds no ambiguity in the language of § 3625.  *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (begin with the language of the statute and, if possible, give effect to every clause and word); *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984) ("If the intent of Congress is clear [from the statutory language], that is the end of the matter....").  The statute specifies that §§ 701-706 do not apply to "the making of any determination, decision, or order" under § 3621.  Section 3621 vests authority for the management of inmate drug treatment programs in the BOP.  It would be contrary to Congress's directive in § 3625 for this Court to apply the right of review granted under § 702 of the APA to Petitioner's claim challenging his RDAP eligibility determination

9 - OPINION AND ORDER

when § 3625 expressly states §§ 702 does not apply to determinations made under § 3621.

Petitioner's reliance on *Figueroa v. Mukasey*, 543 F.3d 487 (9th Cir. 2008), in arguing the court has jurisdiction to review the BOP's determination that he was ineligible for RDAP is misplaced.   The petitioner in *Figueroa* did not challenge the immigration judge's discretionary determination that he had failed to prove removal would result in exceptional and extremely unusual hardship.   Rather, the petitioner alleged the judge applied the wrong legal standard in making the determination and misinterpreted the statute.   543 F.3d at 493.   The Ninth Circuit noted it lacked jurisdiction "to review the BIA's discretionary determination that an alien failed to prove that her removal would result in 'exceptional and extremely unusual hardship'" but found it had jurisdiction to review whether the immigration judge made legal errors in construing the operative statute.    *Id.* at 495-96 ("Notwithstanding the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(i), the REAL ID Act of 2005 restored judicial review of 'constitutional claims or questions of law raised upon a petition for review.'").   Essential to the Ninth Circuit finding of jurisdiction were, (1) there was a question of statutory interpretation at issue and, (2) Congress had expressly restored judicial review in the REAL ID Act of 2005.   That is not the case here.

Petitioner also directs the Court to recent opinions issued by District Judge Haggerty, in particular *Sacora v. Thomas*, 648 F.Supp. 2d 1218 (2009), in which the court reviewed individualized RDAP determinations.   In *Sacora*, the petitioner challenged the BOP's decision to expel him from RDAP, alleging the decision was arbitrary, capricious, and an abuse of discretion, and sought reinstatement.   *Id*. at 1219.   Citing 28 U.S.C. § 2241(c)(3), the district court noted "a petitioner may be entitled to receive relief under [ ] § 2241 if the petitioner shows that his or her custody is in violation of federal law."   *Id*. at 1221.   On this basis, the court rejected Respondent's assertion that 18 U.S.C. § 3625 precluded judicial review of the petitioner's RDAP expulsion, concluding "[j]udicial review is available to determine whether the BOP exercised its discretion to administer RDAP properly. *See SEC v. Sloan*, 436 U.S. 103, 118-119 (1978) (judicial review may determine whether an agency's exercise of discretion was consistent with the agency's scope of authority.)"

This Court disagrees that the availability of a remedy under 28 U.S.C. § 2241 negates 18 U.S.C. § 3625, which expressly removes judicial review under the APA for agency determinations, decisions, or orders under § 3621.   *See Heckler*, 470 U.S. at 828 (before judicial review occurs a party must clear the hurdle of § 701(a); *Carlin v. McKean*, 823 F.2d 620, 623 (D.C.Cir. 1987) (courts should

not presume reviewability of agency action when Congress has explicitly exempted agency action from the APA's provisions).

The court in *Sacora* also stated:

> Although certain portions of the [APA] have been declared inapplicable to Subsection C of 18 U.S.C. § 3625 [presumably this language refers to Subchapter C, which includes §§ 3621-3625], Subsection C addresses the "place of imprisonment" and authorizes the BOP to designate locations for incarceration based on factors including the nature and circumstances of the prisoner's offenses. * * * Claims of constitutional violations, abuses of discretion, agency actions contrary to law, and agency actions exceeding the scope of its authority are not precluded from judicial review.
> * * *
> Under applicable portions of the APA, agency actions, findings and conclusions will be struck if they are found to be "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A)."

648 F.Supp. 2d at 1221. The court limits the scope of the BOP's authority under Subchapter C, and the inapplicability of the APA, to the designation of locations for incarceration. However, the scope of the BOP's authority under Subchapter C is not limited to designating locations for incarceration and clearly also includes authority to administer RDAP and other treatment programs. *See* § 3621(b), (e) and (f). More fundamentally, the court applies the APA's arbitrary and capricious standard of review despite the jurisdiction stripping provision of § 3625, which expressly makes the APA standards inapplicable to "any determination, decision, or order" under Subchapter C. Accordingly, this Court declines to adopt the reasoning in *Sacora* and joins other district courts that have reviewed § 3625 and concluded Congress intended that BOP

12 - OPINION AND ORDER

rulemaking be reviewable under the APA, but not its adjudication of specific cases. *See Warman v. Philips*, 2009 WL 4071337 (4th Cir.) (affirming N.D.W.Va. holding that eligibility for substance abuse treatment in at the discretion of the BOP and pursuant to § 3625, not reviewable); *Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) (section 3625 precludes judicial review of agency adjudications but not rulemaking); *Pullie v. Stansberry*, 2009 WL 2176120 *3 (E.D.Va.) (Congress intended to preclude judicial review of adjudications); *Trani v. Owen*, 2008 WL 4435731 *1 (D.S.C.) ("Congress specifically exempted from APA review the decisions of the BOP concerning . . . placement in the RDAP. . . . 18 U.S.C. § 3625."; *Jasperson v. Federal Bureau of Prisons*, 460 F.Supp.2d 76, 83-85 (D.D.C. 2006) (adopting reasoning in *Lyle infra*); *Davis v. Beeler*, 966 F.Supp 483, 489 (E.D.Ky 1997) (language of §§ 3625 and 3621 make it clear Congress intended to commit substantive decisions to the unreviewable discretion of the BOP); *Lyle v. Sivley*, 805 F.Supp. 755, 758-60 (D.Az.1992) (discussing H. Rep. No. 98-1030, 98th Cong. 2d Sess. 149 (1984) *reprinted in* 1984 U.S.C.C.A.N. 3182, 3332 and stating, "[i]n light of the overwhelming evidence of congressional intent, this Court concludes that in enacting section 3625, Congress intended to 'carve out' an area of decision making [certain individualized, discretionary agency decisions] committed solely to agency discretion and not subject to judicial review.").

13 - OPINION AND ORDER

While the Court retains jurisdiction to review claims alleging BOP action is contrary to established federal law, violates the U.S. Constitution, or exceeds the statutory authority Congress vested in the agency, *Staacke v. United States Sec. of Labor*, 841 F.2d 278, 281 (9th Cir. 1988), Petitioner in this case contests only an individualized determination that he was ineligible to participate in RDAP.[3] The authority to determine which inmates participate in BOP drug treatment programs rests solely with the BOP. *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996) ("Regarding substance-abuse treatment programs, the Bureau's discretion begins with deciding whether an inmate ever enters such a program[]") (discussing *United States v. Jackson*, 70 F.3d 874, 877 (6th Cir. 1995) ("[I]t is solely within the authority of the Federal Bureau of Prisons ... to select those prisoners who will be best served by participation in [drug rehabilitation] programs.") (alterations in original); *see also Levine v. Apker*, 455 F.3d 71, 83 (2nd Cir. 2006) (BOP charged with discretion to place inmates in treatment programs).

When Congress enacted § 3625 and made that section applicable to § 3621, it expressly removed the cause of action conferred under

---

[3] Even assuming Petitioner raised a Due Process claim, such a claim would necessarily fail because inmates do not have a protected liberty interest in RDAP participation, or in the associated discretionary early release benefit. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001); *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 422 U.S. 1, 7 (1979); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Downey*, 100 F.3d at 670; *Martinez v. United States*, 2009 WL 1663985 *2 (W.D.N.Y.).

§ 701 of the APA to persons "adversely affected or aggrieved by action within the meaning of the relevant statute," and precluded judicial review of individualized determination by the BOP. For the Court to review Petitioner's individualized eligibility determination would require disregarding the express language of § 3625, and would impose a level of judicial oversight on the BOP's drug treatment programs not contemplated by the statute. It would also put the federal court in the untenable position of micro-managing the BOP's individualized determinations inherent to the management of its drug treatment programs and ignoring the "wide-ranging deference to be accorded to the decisions of prison administrators." *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125-126 (1977).

Absent an allegation that the BOP violated established federal law, the United States Constitution, or exceeded the its statutory authority in making the determination that Petitioner was ineligible for RDAP, the Court does not have jurisdiction to review Petitioner's claim. In light of this holding, the Court need not address Respondent's arguments that the petition is moot, that Petitioner failed to exhaust administrative remedies, or that the BOP eligibility determination was reasonable.

/ / /

/ / /

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#1) is DISMISSED.

IT IS SO ORDERED.

DATED this 22 day of June, 2010.

Michael W. Mosman
United States District Judge